UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UMAR ADEYOLA,

                                                 Plaintiff,

                                                                                                DECISION AND ORDER

                                                                                                04-CV-6325L

                               v.

SUPT. H. McCARTHY GIBON, et al.,

                                             Defendants.
_____

      Plaintiff, Umar Adeyola, appearing *pro se*, commenced this action pursuant to 42 U.S.C. § 1983. Plaintiff, who at the time of the filing of the complaint was an inmate in the custody of the New York State Department of Correctional Services ("DOCS") alleges that defendants have violated the First, Fourth and Fourteenth Amendments to the United States Constitution in certain respects. Specifically, plaintiff, who is Muslim, alleges that in 2004, while he was confined at Erie County Holding Center ("ECHC"), certain Muslim females, wearing head scarves in accordance with their religious beliefs, came to visit him. Defendants allegedly would not allow them to visit plaintiff unless they either removed their head scarves and allowed themselves to be searched, or provided written proof (such as a letter from an imam) attesting to the fact that they were practicing Muslims.

Defendants, who include the then-Erie County Sheriff and a number of employees of ECHC, have moved for summary judgment. Plaintiff has cross-moved for summary judgment and for leave to amend his complaint.

## DISCUSSION

Having reviewed the complaint, plaintiff's proposed amended complaint, and both sides' moving papers, I conclude that defendants are entitled to summary judgment. Plaintiff lacks standings to assert any of his claims.

All of plaintiff's claims relate to actions taken toward his visitors, not toward him. This he may not do.

The "irreducible constitutional minimum" of standing requires, *inter alia*, "that the *plaintiff* has suffered an 'injury in fact ... .'" *Center for Reproductive Law and Policy v. Bush*, 304 F.3d 183, 191 (2$^d$ Cir. 2002) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)) (emphasis added). A plaintiff may assert the constitutional claims of a third party only if he can demonstrate: (1) injury to the plaintiff; (2) a close relationship between the plaintiff and the third party that would cause plaintiff to be an effective advocate for the third party's rights; and (3) "some hindrance to the third party's ability to protect his or her own interests." *Campbell v. Louisiana*, 523 U.S. 392, 397 (1998). Plaintiff has not alleged any such facts, either in the original or proposed amended complaints. His claims must therefore be dismissed. *See, e.g.*, *Manning v. NFN Wells*, No. 6:06-cv-0911, 2007 WL 1140422, at *5 (D.S.C. Apr. 17, 2007) ("the plaintiff's claims concerning the

security screening of his mother before she entered the visiting room at FCI Bennettsville relate solely to issues that concern his mother.  The controversy, if any exists, is between his mother and defendants. ... Accordingly, the plaintiff lacks standing"); *Jones v. Wagner*, No. 89-9104, 1990 WL 11655, at *1 (E.D.Pa. Feb. 7, 1990) ("plaintiff's prayer for relief indicates that he is attempting to assert the rights of his visitor to visit and to be free from strip searches.  Plaintiff has no standing to challenge these policies because 'a litigant may only assert his own constitutional rights and immunities'") (quoting *United States v. Raines*, 362 U.S. 17, 22 (1960)); *Wool v. Hogan*, 505 F.Supp. 928, 931 (D.Vt. 1981) ("We recognize that a strip search is a serious invasion of an individual's privacy yet we believe that [the inmate plaintiff's visitor who was subjected to a strip search] should raise the fourth amendment issue herself") (footnote omitted).

To the extent that plaintiff is alleging that his own right to visitation has been violated, such a claim fails.  "There is no absolute constitutional right to visitation," *Jones*, 1990 WL 11655 at *1 (citing *Lynott v. Henderson*, 610 F.2d 340, 342 (5th Cir. 1980)), and, "[a]t the very least, 'first amendment values must give way to reasonable considerations of prison management ... .'"  *Id.* (quoting *St. Clair v. Cuyler*, 634 F.2d 109, 114 (3d Cir. 1980)).  It was certainly reasonable for ECHC to require plaintiff's visitors to remove their head scarves to determine that they were not attempting to bring in contraband.  *See Manning*, 2007 WL 1140422, at *5 ("Decisions as to which security protocols to subject inmate visitors to are exactly the sort of decisions which courts should defer to prison administrators").  In any event, plaintiff has *not* been denied visitors; his would-be visitors have simply been required to agree to certain conditions before being allowed to see plaintiff. *See Wool*, 505 F.Supp. at 931 ("since plaintiff's personal rights do not protect his visitors' freedom

from unreasonable searches, his allegation that defendants conditioned his visits on unwarranted searches is immaterial").

Finally, plaintiff's allegation in the proposed amended complaint that "[t]his experience has left [him] degraded and feeling that his religion was less valid than other religions" fails to state a claim upon which relief can be granted. That is not the type of "concrete harm" required to establish standing to sue. *Doe v. National Bd. of Med. Examiners*, 199 F.3d 146, 152 (3$^د$ Cir. 1999). *See also Brown v. Ridge*, No. Civ.A. 04-0759, 2006 WL 1581167, at *20 (W.D.La. Jan. 19, 2006) (holding that allegations that plaintiff and his religious beliefs were insulted by prison chaplain failed to state a claim for which relief could be granted).

## CONCLUSION

Defendants' motion for summary judgment (Dkt. #21) is granted, and the complaint is dismissed.

Plaintiff's cross-motion for summary judgment (Dkt. #28) and his motion for leave to file an amended complaint (Dkt. #31) are denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       February 21, 2008.